IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 JUN -5 PM 12:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 0 5 2001

| | |
|---|---|
| VERNADEAN PATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number |
| vs. | ) |
| | ) 98-C-1978-S |
| REGIONS BANK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS
FOR FAILURE TO TIMELY PERFECT SERVICE**

Defendant Regions Bank has filed a Petition For A Writ of Mandamus in the Eleventh Circuit Court of Appeals, seeking to compel this judge to dismiss this case for the failure of Plaintiff to effect service of process within the 120-day period fixed by Federal Rule of Civil Procedure ("Rule") 4(m). The purpose of this opinion is to memorialize the considerations that underlie the Court's denial of Defendant's Motion to Dismiss.

**I.**

The dates and facts relevant to Defendant's Motion to Dismiss are reflected in the following time line.

| | |
|---|---|
| July 31, 1998 | Plaintiff files her *pro se* Application under Title VII's § 706(f) in *Pates v. Regions Bank*, CV 98-C-1978-S (hereinafter "*Pates*"), alleging that she was demoted, denied training, and treated differently because of her race. Attached to the Application was a Notice of Right to Sue, issued by the Equal Employment Opportunity Commission ("EEOC") on April 30, 1998. |
| August 4, 1998 | Court orders that the *Pates* Application be treated as a complaint, but that an Amended Complaint suitable for service on Defendant must be filed within thirty days after the date of appointment of |



|  |  |
|---|---|
|  | counsel for Plaintiff. The case was referred to a Magistrate Judge for appointment of counsel. |
| September 1, 1998 | Magistrate Judge appoints Daniel Rosser for the limited purpose of reviewing the *Pates* case and reporting back to the Court whether the case could proceed in light of Rule 11. |
| March 6, 2000 | Shirley Temple, Melanie Jackson, Monica Davis, and Plaintiff Vernadean Pates filed *Temple v. Regions Bank,* CV-00-AR-0562-S (hereinafter "*Temple*"), in which Plaintiff specifically complained that Defendant has discriminated against her in job assignments, promotions, and pay. She also alleged harassment and retaliation based on her having filed two EEOC charges against Defendant complaining of racial discrimination. |
| March 8, 2000 | Defendant served with the complaint and summons in *Temple*. |
| March 31, 2000 | Defendant answers the complaint in *Temple,* specifically denying the claims of Plaintiff. |
| July 5, 2000 | In *Pates*, Magistrate Judge orders Daniel Rosser to file a written report with the Court by July 20, 2000. |
| July 21, 2000 | Daniel Rosser files a written report to the Court in *Pates*. |
| July 26, 2000 | In *Pates*, the Court denies the request for appointment of counsel and orders Plaintiff to file an Amended Complaint within thirty days. |
| July-August 2000 | Plaintiff's counsel and Defendant's counsel, David Warren, engage in settlement discussions of both *Pates* and *Temple*. |
| August 25, 2000 | Plaintiff's counsel files an Amended Complaint in *Pates,* alleging that Defendant has discriminated against her in job assignments, promotions, and pay. She also alleges harassment. She alleges that she had filed two separate EEOC charges of discrimination against Defendant. A Certificate of Service attests that the Amended Complaint has been served on David L. Warren, James C. Pennington, and Peyton Lacy, Jr., of the law firm of Ogletree, Deakins, Nash, Smoak & Stewart.<br><br>Plaintiff files a Motion to Consolidate *Pates* and *Temple*. |
| September 6, 2000 | Plaintiff's counsel sends a copy of the Amended Complaint in |

|  |  |
|---|---|
|  | *Pates* to David Warren. |
| October 19, 2000 | The Court grants Plaintiff's Motion to Consolidate. |
| January 9, 2001 | On Defendant's motion, the Court clarifies that the claims of Plaintiff asserted in *Pates* have been consolidated with her claims asserted in *Temple*. |
| February 2001 | Plaintiff's counsel and Defendant's counsel engaged in settlement discussions concerning *Pates* and *Temple*. |
| March 7, 2001 | Defendant's counsel renewed its Motion to Dismiss based, *inter alia,* on Plaintiff's failure to properly serve the *Pates* Amended Complaint within 120 days. |
| March 14, 2001 | Defendant was properly served with the *Pates* Amended Complaint. |
| March 28, 2001 | Defendant files a "Special Appearance and Renewed Motion to Dismiss," seeking the dismissal of the *Pates* complaint <u>with prejudice</u>. |
| April 26, 2001 | The Court denies Defendant's renewed Motion to Dismiss the *Pates* case. |

## II.

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action **without prejudice** as to that defendant or direct that service be effected in a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(emphasis added). "In effect the rule creates a presumption that service of a summons and complaint can be made and will be made within 120 days." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (2d ed. 1987).

## III.

The Court has implicitly extended the time for effecting service on Defendant from

3

December 25, 2000 to March 14, 2001—a period of roughly three months.

    The rationale of the Court is twofold: 1) at all material times since the filing of the Amended Complaint, Defendant had actual knowledge of that document, participated in settlement discussions concerning the *Pates* case, and thus suffered no prejudice as a result of the delay in the formal effectuation of service; and in any event, 2) it would have been futile to dismiss the case without prejudice, for Plaintiff would have had the right to re-file the case, and the same claims were independently being pursued by Plaintiff in this case by virtue of the consolidation of her claims initially asserted in *Temple*.

    It is not disputed that counsel for Defendant were given informal but actual, substantially contemporaneous notice of the Amended Complaint both by mail and by fax. The notice was sufficient to prompt Defendant's counsel to engage in settlement discussions whose avowed purpose was to dispose of this very case. In this Court's view, the ongoing settlement negotiations were "good cause" for the failure of Plaintiff's counsel to proceed to effect service on Defendant. These settlement negotiations, if successful, would have ended the case and thereby furthered the Rules' overall purpose of ensuring a "speedy" and relatively "inexpensive" resolution of the case. *See* Rule 1.

    Defendant has never argued in this Court that it has been prejudiced in any way by the delayed service of the Amended Complaint.

    Even if the Court had granted Defendant's motion and dismissed the case, Plaintiff would have had a right to re-file the case. Contrary to Defendant's assumption in the district court, the

dismissal could only have been "without prejudice."[1] Because Plaintiff's claims are continuing in nature, a dismissal without prejudice would almost certainly result in the re-filing of the complaint—a waste of time and resources of all concerned.

But the most important consideration counseling against dismissal of the Amended Complaint is that the said Complaint embodies not only the allegations of the *pro se* complaint, but it also includes, by virtue of the consolidation, Plaintiff's claims in the *Temple* case. No one questions that the complaint in *Temple* (which subsumes all of Plaintiff's claims in this case) was timely served on Defendant or that Plaintiff is entitled to proceed in this Court on those claims.

Based on these considerations, the Court overruled Defendant's motion to dismiss the Amended Complaint.

Done this 5th day of June 2001.

_____
Chief United States District Judge
U.W. Clemon

---

[1] Defendant's motions filed in this Court seek dismissal with prejudice under Rule 4(m). Of course, Rule 4(m) provides only for dismissal without prejudice, and Defendant has cited no authority for its proposition that prejudice must accompany the dismissal.